UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT HOLLENDER and MICHAEL QUILES, for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>SYNERGY GLOBAL FORUM INC, ALEXANDER MAKAROV, and OXDELLE JOSEPH,<br><br>Defendants. | CLASS AND COLLECTIVE ACTION<br><br>COMPLAINT<br><br>Civil Action No. |

Named Plaintiffs Scott Hollender and Michael Quiles ("Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their attorneys, and for his Complaint against Defendants Synergy Global Forum, Inc. ("Synergy Global"), Alexander Makarov, and Oxdelle Joseph ("Defendants"), alleges as follows:

## NATURE OF ACTION

1.     This action is brought on behalf of Named Plaintiffs and a putative class and collective of individuals who are presently and formerly employed by Defendant Synergy Global who worked in the United States of America to perform sales during the relevant statutory periods.

2.     Plaintiffs seek to recover wages and damages which Plaintiffs were contractually and statutorily entitled to receive pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 216(b); New York Labor Law ("NYLL") Article 6 §§ 190, *et seq.*, and Article 19 § 663; 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142, *et seq.*

3.     Specifically, Plaintiffs seek to recover overtime compensation under the FLSA and NYLL. Plaintiffs seek to recover earned but unpaid commissions and other promised wages they are statutorily entitled to receive. Plaintiffs seek to recover penalties arising from Defendants' failure to furnish complete and accurate wage notifications and wage statements required under New York Labor Law.

1

4.     Defendant Synergy Global is in the business of creating and operating business events around the world.

5.     Synergy Global created an event in New York that took place at Madison Square Garden on October 27-28 of 2017.

6.     Synergy Global also created an event that is scheduled to take place at the Marriot Marquis in New York on February 2, 2018.

7.     Synergy Global employs sales representatives to market the event and sell tickets.

8.     At all times relevant to this litigation, Synergy Global agree to pay sales representatives a flat salary, $250 per day for working on Saturday or Sunday, and commission on each ticket sale.

9.     Synergy Global paid its sales representatives in this manner regardless of how many hours they worked in a week.

10.     Upon information and belief, Synergy Global's sales representatives were each promised the same commission structure.  Upon selling a ticket to an event, sales representatives would earn 5% commission on the price of the ticket.  In weeks where the sales representative made more than $10,000.00 in sales, the commission percentage would increase to 10% of the ticket sale.

11.     Synergy Global's sales representatives regularly worked in excess of 40 hours in a week without receiving overtime compensation at a rate of one and one-half times their regular rates of pay in violation of the Fair Labor Standards Act and New York Labor Law.

12.     Synergy Global's sales representatives did not receive wage notifications at the time of hire reflecting their proper rates of pay, including their overtime rate of pay. In addition,

Synergy Global's sales representatives were not required to sign a written acknowledgment of receipt of such notice.

13.     Synergy Global's sales representatives did not receive wage statements, such as paystubs, from Defendants reflecting their hours worked or overtime hourly rates of pay when they worked in excess of 40 hours in a week.

14.     Synergy Global's sales representatives did not receive a written statement breaking down how their commissions were actually calculated.

15.     Synergy Global's sales representatives were not paid all promised wages and commissions.

16.     As a result, Named Plaintiffs have commenced this action on behalf of themselves and current and former sales representatives who worked for Synergy Global during the relevant statutory period.

17.     Named Plaintiffs brings their FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs' consent form is attached hereto as Exhibits A and B.

18.     Named Plaintiffs bring their NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**<u>JURISDICTION</u>**

19.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.  This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

20.     The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255.

21.     The statute of limitations under the New York Labor Law is six (6) years. New York Labor Law § 663.

## VENUE

22.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b)

is appropriate because Defendants resides in the Southern District of New York.

## THE PARTIES

*Named Plaintiff Scott Hollender*

23.     Named Plaintiff Hollender resides in Staten Island, New York.

24.     Named Plaintiff Hollender was employed by Defendants from approximately

September 18, 2017 to December 5, 2017.

25.     During his employment with Defendants, Hollender worked as a sales

representative.

26.     Hollender was paid a flat annual salary of approximately $50,000.00 per year.  If

he worked on the weekends he was promised an additional $250.00 per day.

27.     In addition, he was promised commission payments equal to 5% of his ticket sales.

If he made more than $10,000 in sales in a given week, he would receive 10% of his ticket sales.

28.     During his employment, Hollender worked for Defendants 6 days per week.

29.     Hollender's regular schedule for each week he worked was as follows: On Monday

through Thursday Hollender worked from about 8:15am to 9:00pm. On Friday, he worked from

about 8:15am to 6:30pm.  On Saturday he worked from about 8:15am to 6:00pm.

30.     Hollender regularly worked in excess of 60 hours per week.

31.     Even though Hollender regularly worked in excess of 40 hours per week, he was

only paid his flat weekly salary, plus $250 for weekend work, plus his commissions.

32.     Hollender did not receive any overtime compensation for the hours he worked in

excess of 40 hours in a week.

33.     When Hollender was first hired, he did not receive a wage notification informing

him of, among other things, his proper regular rate of pay, overtime rate of pay, or the regular pay day designated by Synergy Global.

34.     At no time during Hollender's employment with Defendants was he presented with a written acknowledgement of receipt of a wage notification.

35.     At no time during Hollender's employment with Defendants did he sign a written acknowledgement of receipt of a wage notification.

36.     During his employment with Defendants, Hollender's paystubs did not reflect his hours worked or overtime hourly rate of pay when he worked in excess of 40 hours in a week.

37.     In addition, Hollender was never provided with a statement explaining how his commissions were calculated.

38.     Hollender was not paid his full commission on all the ticket sales that he made.

39.     On or about November 15, 2017, Defendants Makarov and Joseph informed Hollender and his co-workers that they would not be receiving their full salary or commissions. For the pay period ending November 15, 2017, Hollender only received half his salary and did not receive any commissions.

40.     Defendants failed to pay Hollender his final payment including his salary and commissions earned from November 16 to December 5.

41.     Hollender is a covered employee within the meaning of the FLSA and NYLL.

***Named Plaintiff Michael Quiles***

42.     Named Plaintiff Quiles resides in Brooklyn, New York.

43.     Named Plaintiff Quiles was employed by Defendants from approximately September 19, 2017 to December 5, 2017.

44.     During his employment with Defendants, Quiles was employed as a sales

representative.

45.     Quiles was paid a flat annual salary of approximately $55,000.00 or $60,000.00 per year.  If he worked on the weekends he would receive an additional $250.00 per day.

46.     In addition, he was promised commission payments equal to 5% of his ticket sales. If his ticket sales exceeded $10,000 in a given week, he was promised 10% commission on his ticket sales.

47.     From September 19, 2017 to approximately October 25, 2017, Quiles worked 7 days per week.  During this time period, Quiles only took one day off.

48.     From September 19, 2017 to approximately October 25, 2017, Quiles worked each day from approximately 8:00am to 8:00pm.

49.     There were weeks where Named Plaintiff Quiles worked more than 80 hours.

50.     After approximately October 25, 2017, Quiles's worked 6 days per week from 8:15am to 6:00pm or 7:00pm and sometimes later.

51.     Quiles regularly worked in excess of 60 hours per week.

52.     Even though Quiles regularly worked in excess of 40 hours per week, he was only paid his flat weekly salary, plus $250 for weekend work, plus commissions.

53.     Quiles did not receive any overtime compensation for the hours he worked in excess of 40 hours in a week.

54.     When Quiles was first hired by Defendants, he did not receive a wage notification informing him of, among other things, his proper regular rate of pay, overtime rate of pay, or the regular pay day designated by Synergy Global.

55.     At no time during Quiles's employment with Defendants was he presented with a written acknowledgement of receipt of a wage notification.

56.    At no time during Quiles's employment with Defendants did he sign a written acknowledgement of receipt of a wage notification.

57.    During his employment with Defendants, Quiles's paystubs failed to reflect his overtime hourly rate of pay when he worked in excess of 40 hours in a week.

58.    In addition, Quiles was never provided with a statement explaining how his commissions were calculated.

59.    Quiles was not paid his full commission on all the ticket sales that he made.

60.    For instance, through October 25, 2017, Quiles sold in excess of $95,000.00 in ticket sales. Based on the commission agreement between Quiles and Defendants, Quiles should have received commission payments in excess of $6,000.00. Nevertheless, Defendants paid Quiles less than $4,000.00 in commissions through November 15, 2017.

61.    On or about November 15, 2017, Defendants Makarov and Joseph informed Quiles and his co-workers that they would not be receiving their full salary or commissions.  For the pay period ending November 15, 2017, Quiles only received half his salary and did not receive any commissions.

62.    Defendants failed to pay Quiles his final payment including his salary and commissions earned from November 16 to December 5.

63.    Quiles is a covered employee within the meaning of the FLSA and NYLL.

***Defendant Synergy Global Forums***

64.    Defendant Synergy Global Forums is a foreign business corporation registered in the state of Delaware with its principal place of business at 85 Broad Street, 16th Floor, New York, NY 10004.

65.    Defendant Synergy Global also operates under the name Synergy Global Forums

US, Inc.

66.     Throughout the relevant period, Synergy Global employed Named Plaintiffs and similarly situated employees within the meaning of the FLSA and New York Labor Law. Synergy Global has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

67.     At all relevant times, Synergy Global maintained control, oversight and direction over Named Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

68.     Upon information and belief, Synergy Global applies the same employment policies, practices, and procedures to all sales representatives.

69.     At all relevant times, Synergy Global's annual gross volume of sales made or business done was not less than $500,000.

***Defendant Alexander Makarov***

70.     Alexander Makarov is the Chief Executive Officer of Synergy Global and resides at 85 Broad Street, 16th Floor, New York, NY 10004.

71.     Upon information and belief, at all times relevant to this litigation, Makarov was an executive officer of Defendant Synergy Global and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

72.     Makarov, along with Defendant Oxdelle Joseph, dominated the day-to-day operating decisions of Synergy Global, and made major personnel decisions for Synergy Global.

73.     Makarov had control over the alleged activities of Synergy Global, which give rise

to the claims brought herein.

***Defendant Oxdelle Joseph***

74.     Oxdelle Joseph is the Director of Human Resources for Synergy Global and resides at 85 Broad Street, 16th Floor, New York, NY 10004.

75.     Upon information and belief, at all times relevant to this litigation, Joseph was an executive officer of Defendant Synergy Global and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

76.     Joseph, along with Defendant Makarov, dominated the day-to-day operating decisions of Synergy Global, and made major personnel decisions for Synergy Global.

77.     Joseph had control over the alleged activities of Synergy Global, which give rise to the claims brought herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

78.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

79.     This action is brought on behalf of Named Plaintiffs and all similarly situated persons who work or have worked for Synergy Global as sales representatives on or after December 28, 2014, who elect to opt-in to this action ("FLSA Collective").

80.     Defendants assigned and/or are aware of all the work that Named Plaintiffs and members of the FLSA Collective performed.

81.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Named Plaintiffs and the FLSA collective. This pattern, practice, and/or policy includes, but is not limited to, willfully failing to pay Named Plaintiffs and the members of the FLSA Collective overtime compensation for the hours they worked in excess of 40 hours in a given week.

82.     Defendants are aware or should have been aware that federal law requires and required Defendants to pay employees performing non-exempt duties, including Named Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per week.

83.     Named Plaintiffs and the FLSA Collective all perform or performed the same or similar primary duties.

84.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## NEW YORK CLASS ACTION ALLEGATIONS

85.     Named Plaintiffs brings his cause of actions under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all current and former sales representatives of Synergy Global who worked or have worked in New York at any time between December 28, 2011, and the date of final judgment in this matter (the "New York Class").

86.     Excluded from the New York Class are Synergy Global's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Synergy Global; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

87.     The New York Class is so numerous that joinder of all members is impracticable.

88.     Upon information and belief, the size of the New York Class is believed to be in excess of 40 individuals.

89.     The questions of law and fact common to the New York Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants violated the NYLL; (2) whether Defendants failed to compensate Named Plaintiffs and the New York Class for hours worked in excess of 40 hours per week; (3) whether Defendants provided Named Plaintiffs and the New York Class with wage notifications that comply with the requirements of NYLL § 195(1); (4) whether Defendants provided Named Plaintiffs and the New York Class with wage statements that comply with the requirements of NYLL § 195(3); and (5) whether Defendants paid Named Plaintiffs and members of the putative class all promised wages and commissions.

90.     The claims of Named Plaintiffs are typical of the claims of the New York Class he seeks to represent.

91.     Like the New York Class, Named Plaintiffs worked as a sales representatives and was subject to Defendants' policy and pattern or practice of failing to pay overtime compensation for work performed in excess of 40 hours in a week.

92.     Like the New York Class, Named Plaintiffs did not receive wage notifications and complete and accurate wage statements that reflected the information required pursuant to NYLL § 195.

93.     Like the New York class, Named Plaintiffs did not receive all promised wages and commissions.

94.     Named Plaintiffs and the New York Class are entitled to the same statutory protections under the NYLL, including payment of overtime compensation when they work in excess of 40 hours in a week, agreed-upon wages and commissions, and complete and accurate wage notifications and wage statements as required by NYLL § 195.  Named Plaintiff and the New

York Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

95.     Named Plaintiffs will fairly and adequately represent and protect the interests of the New York Class.  Named Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Named Plaintiffs recognizes that, as class representatives, they must represent and consider the interests of the New York Class just as they would represent his own interests. Named Plaintiffs understand that, in making decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the interests of the New York Class. Named Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interest of the New York Class.

96.     Named Plaintiffs have retained counsel competent and experienced in complex class action and employment litigation. There is no conflict between the Named Plaintiffs, counsel, and the New York Class.

97.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. A class action will prevent costly duplicative litigation of the same exact claim and avoid inconsistent judgments pertaining to Defendant's policies. Although the relative damages suffered by individual New York Class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this action.

## COMMON FACTUAL ALLEGATIONS

98.     Named Plaintiffs, members of the FLSA Collective, and the New York Class

(collectively "Class Members") worked for Defendants as sales representatives.

99.     Throughout their employment with Defendants, Named Plaintiffs and the Class Members consistently worked more than 40 hours per week.

100.    Leading up to the October 27-28 event at Madison Square Garden, Defendants place a lot of pressure on Named Plaintiffs and Class Members to market the event and sell tickets.

101.    In response, Named Plaintiffs and Class Members worked exceptionally long hours, well in excess of 40 hours per week.

102.    Defendants are aware that Named Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay them all overtime compensation earned at a rate of one and one-half times their regular rates of pay.

103.    Instead, Defendants paid Plaintiffs their flat yearly salary, an additional payment of $250 for weekend work, and commissions.

104.    Named Plaintiffs and Class Members are not exempt from state and federal overtime laws.

105.    As a result, Defendants' practice of paying Named Plaintiffs and Class Members salary, as opposed to hourly, and thus, not paying overtime compensation, is unlawful.

106.    In addition, Named Plaintiffs and the Class Members were deprived of promised and earned wages and commissions.

107.    For example, during the pay period ending November 15, 2017, Defendants did not pay Named Plaintiffs and Class Members their full salary or commissions.

108.    By failing to pay Named Plaintiffs and Class Members their earned commissions, Defendants failed to uphold its promise.

109.    Similarly, on Friday, October 6, 2017, Defendant Joseph called the sales

representatives into her office and promised that anyone who came to work on Columbus Day, Monday October 8, would receive an additional $750.  Even though Named Plaintiffs and Class Members were supposed to have a day off on Columbus Day, many came in because of the promise of extra wages. Defendants failed to pay Named Plaintiffs and Class Members that worked on Columbus Day these promised wages.

110.    By failing to pay Named Plaintiffs and Class Members their promised and earned wages and commissions, Defendants failed to uphold the terms and conditions of its promise to Named Plaintiffs and Class Members.

111.    Named Plaintiffs and the New York Class did not receive wage notifications at the time of hire informing them of, among other things, their proper regular rates of pay, overtime rates of pay, or the regular pay day designated by Synergy Global.

112.    Named Plaintiffs and the New York Class did not receive wage statements from Defendants reflecting their proper regular rates of pay or overtime hourly rates of pay when they worked in excess of 40 hours in a week.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANTS --
FLSA OVERTIME COMPENSATION**

113.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

114.    Defendants are engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

115.    At all relevant times, Named Plaintiffs and other similarly situated current and former FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

116.    The overtime provisions set forth in §§ 201, *et seq.* of the FLSA apply Defendants.

117.    Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

118.    At all relevant times, Named Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

119.    Defendants failed to pay Named Plaintiffs and the other similarly situated current and former FLSA Collective members the overtime wages to which they were entitled under the FLSA.

120.    Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiffs and the other similarly FLSA Collective members.

121.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

122.    As a result of Defendants' willful violations of the FLSA, Named Plaintiffs and the other similarly situated current and former FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

123.    As a result of Defendants' unlawful acts, Named Plaintiffs and the other similarly situated FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK OVERTIME COMPENSATION**

124.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

125.    12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

126.    Named Plaintiffs and the New York Class have been employees within the meaning of NYLL.

127.    Defendants have engaged in a widespread pattern and practice of violating the NYLL, as described in this Complaint.

128.    Defendants violated the NYLL, in relevant part, by failing to pay Named Plaintiffs and the New York Class overtime wages as required by the NYLL and NYCRR.

129.    Defendants failed to pay Named Plaintiffs and the New York Class overtime compensation for hours worked over 40 in a workweek.

130.    Defendants' violations of the NYLL have been willful and intentional.

131.    Due to Defendants' violations of the NYLL, Named Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime compensation in an amount to be determined at trial, plus pre-judgment interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**FAILURE TO PAY WAGS AND COMMISSIONS**

132.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

133.    Pursuant to NYLL § 190(6), a "'commission salesman' means any employee whose principal activity is the selling of any goods, wares, merchandise, services. . . or any article or thing and whose earnings are based in whole or in part on commissions."

134.    Pursuant to NYLL § 191(1)(c), "[a] commission salesperson shall be paid the wages, salary, drawing account, commissions and all other monies earned or payable in accordance

with the agreed terms of employment . . . ."

135.    Pursuant to NYLL § 191(3), "[i]f employment is terminated, the employer shall pay the wages no later than the regular pay day for the pay period during which the termination occurred . . . ."

136.    Named Plaintiffs and New York Class Members were employed by Defendants within the meaning of the NYLL.

137.    The principal work performed by Named Plaintiffs and New York Class Members is to sell tickets to events created and operated by Synergy Global.

138.    Named Plaintiffs and New York Class Members were compensated, in part, based on a percentage of each ticket sale made.

139.    Accordingly, Named Plaintiffs and New York Class Members are commission salespersons under the NYLL.

140.    By not paying Named Plaintiffs and New York Class all promised wages and commissions, Defendants breached the terms and conditions of their employment agreements.

141.    Defendants' violations of the NYLL were willful, widespread, and repeated.

142.    Due to Defendants' violations of the NYLL, Named Plaintiffs and the New York Class are entitled to recover from Defendants their unpaid promised wages and commissions in an amount to be determined at trial, plus pre-judgment interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

**FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK § 195(1) WAGE NOTICE VIOLATION**

143.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

144.    Pursuant to Section 195(1) of the NYLL, an employer is required to provide its

employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

145.    Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

146.    Named Plaintiffs and the New York Class did not receive wage notifications at the time of hire from Defendants informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rate of pay (*e.g.*, whether they were hourly employees), or (4) the regular pay day designated by Defendants.

147.    Defendants violated NYLL § 195(1) by failing to provide Named Plaintiffs and the New York Class with wage notifications and wage statements containing the information required by NYLL § 195, *et seq.*

148.    Defendants' violations of the NYLL were willful, widespread, and repeated.

149.    Due to Defendants' violations of NYLL § 195(1), Named Plaintiffs and the New York Class are each entitled to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed the statutory maximum, together with costs and reasonable attorney's fees, and such other relief allowed under the NYLL.

**FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANTS --**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

150.    Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

151.     Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

152.     Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

153.     Named Plaintiffs and the New York Class did not receive wage statements from Defendants that reflected their overtime rates of pay.

154.     Defendants violated NYLL § 195(3) by failing to provide Named Plaintiffs and the New York Class with wage statements containing the information required by NYLL § 195(3).

155.     Defendants' violations of the NYLL were willful, widespread, and repeated.

156.     Due to Defendants' violations of the NYLL, Named Plaintiffs and the New York Class are each entitled to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed the statutory maximum, together with costs and reasonable attorney's fees, and such other relief allowed under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs and the Class Members seek the following relief:

A.     That, at the earliest possible time, Named Plaintiffs be allowed to give

notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit, among other things;

B.      Unpaid overtime compensation plus liquidated damages pursuant to the FLSA and supporting United States Department of Labor Regulations;

C.      Certification of the NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of the Named Plaintiffs as Class Representatives of the New York Class and counsel of record as Class Counsel;

E.      Unpaid overtime compensation, liquidated damages, pre-judgment interest and other damages and penalties permitted under the NYLL;

F.      Damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

G.      Damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

H.      The wages and commissions promised to Named Plaintiffs and the Class Members for work performed on behalf of Defendants.

I.      Pre-Judgment interest and post-judgment interest as provided by law;

J.      Reasonable incentive awards for the Named Plaintiffs for the time and effort he has spent and will spend protecting the interest of the Class Members;

K.      Attorneys' fees and costs of the action; and

L.      Such other injunctive or equitable relief as this Court shall deem just and proper.

Dated:  December 28, 2017
        New York, NY

                                Respectfully Submitted,

                                */s/Lloyd Ambinder*_____
                                **VIRGINIA & AMBINDER, LLP**
                                Lloyd R. Ambinder, Esq.
                                Jack L. Newhouse, Esq.
                                Alanna R. Sakovits, Esq.
                                40 Broad Street, 7th Floor
                                New York, New York 10004
                                Telephone: (212) 943-9080
                                Facsimile: (212) 943-9082

                                *Attorneys for Named Plaintiffs, and*
                                *Putative Collective and Class Members*